

**NUMBER 13-10-00630-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JOSE JUAN VARELA,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

**On Appeal from the 430th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Jose Juan Varela, attempted to perfect an appeal from a conviction for murder. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on October 8, 2010, a motion for new trial was filed on November 9, 2010, and notice of appeal was filed on November 16, 2010. On February 24, 2011, the Clerk of this Court notified appellant that it appeared that the

motion for new trial was untimely filed and that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant's counsel filed a response indicating that after review of the clerk's record and the reporter's record for that part of the trial immediately following the return of the verdict on punishment, he has determined that neither the motion for new trial nor the notice of appeal were timely filed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
14th day of April, 2011.

2